1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ADAM SANFORD,                                No.  2:19-CV-1995-WBS-DMC-P

12                          Petitioner,

13           v.                                     <u>FINDINGS AND RECOMMENDATIONS</u>

14    CRAIG KOENIG,

15                          Respondent.

16

17           Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's petition,

19    ECF No. 1, and Respondent's answer, ECF No. 12.  Respondent has lodged the state court

20    records, ECF No. 11.  Petitioner has declined to file a traverse.

21

22                           **I.  PETITIONER'S CLAIM**

23           In his petition, Petitioner sets forth the following statement of facts:

24           On March 23, 2016, Petitioner was convicted of violation sections 211
             (2nd), 245(b), 1664/211 (2nd), 12022.53(b), 12022.5(a), and 12022(b)(1)
25           of the California Penal Code.  These violations are considered violent
             felonies under California Penal Code 667.5(c)(8), (9), and (22) and make
26           Petitioner ineligible for time credits available to inmates who are
             considered non-violent offenders.  Federal law has established what truly
27           constitutes a crime of violence. . . .

28           ECF No. 1, pg. 7.

                                            1

Petitioner contends that "the same standard used in the Federal Courts in determining whether a crime can be considered a violent felony should be applied for his sentence in California." Id. at 11. Petitioner states that he should "receive all sentencing time credits available to non-violent offenders" because "no physical or violent force was used and since no harm or injury occurred during the commission of any of the charged offenses. . . ." Id.

## II.  STATE COURT DETETERMINATION

Petitioner's claim was denied by the El Dorado County Superior Court. See ECF No. 11-20. The court stated:

> Petitioner, a state prisoner, alleges that recent federal court decisions entitle him to habeas relief. The most recent case cited by petitioner, United States v. Garcia-Lopez (9th Cir. 2018) 903 F.3d 887, concerns the application of California's robbery statute with regard to the federal sentencing guidelines for a conviction in federal court. Federal sentencing law is not relevant to the sentencing of a defendant convicted in the California state court. The petition is denied.

ECF No. 11-20, pg. 1.

The California Court of Appeal and California Supreme Court summarily denied relief. See ECF Nos. 11-24 and 11-26.

## III.  DISCUSSION

Resolution of this matter is straightforward because the Court lacks jurisdiction. Here, petitioner challenges how his conviction is being characterized under state law. According to Petitioner, he should not be considered a violent offender because, under federal sentencing law, he was not convicted of a violent offense. Despite Petitioner's reference to federal sentencing law, Petitioner's claim is at its heart a claim of error in the application of state law because, as the state court observed, federal sentencing law is not relevant.

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is not available for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see

2

1    also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378,

2    1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.  See Milton v.

3    Wainwright, 407 U.S. 371, 377 (1972).

4              However, a "claim of error based upon a right not specifically guaranteed by the

5    Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so

6    infects the entire trial that the resulting conviction violates the defendant's right to due process."

7    Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th

8    Cir. 1980)); see also Lisenba v. California, 314 U.S. 219, 236 (1941).  In order to raise such a

9    claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete

10   miscarriage of justice."  Hill v. United States, 368 U.S. 424, 428 (1962); Crisafi v. Oliver, 396

11   F.2d 293, 294-95 (9th Cir. 1968); Chavez v. Dickson, 280 F.2d 727, 736 (9th Cir. 1960).

12             Petitioner's claim does not relate to his trial.  Rather, it relates to the way his

13   conviction has been characterized by the state for purposes of incarceration.  Thus, it is not

14   possible for Petitioner's claim to suggest any fundamental unfairness with respect to Petitioner's

15   conviction.  Nor does Petitioner's claim implicate a complete miscarriage of justice.  Petitioner's

16   state law claim is not cognizable and should be dismissed for lack of jurisdiction.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

### IV.  CONCLUSION

2   Based on the foregoing, the undersigned recommends that Petitioner's petition for

3 a writ of habeas corpus, ECF No. 1, be denied.

4   These findings and recommendations are submitted to the United States District

5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6 after being served with these findings and recommendations, any party may file written objections

7 with the Court.  Responses to objections shall be filed within 14 days after service of objections.

8 Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

9 Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11 Dated:  December 14, 2021

12               DENNIS M. COTA

13               UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28